IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 2:11-cv-411-TFM ) [wo] |
| GATSBY DRIVE APARTMENTS, L.L.C | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is *Defendant's Motion to Dismiss Plaintiff's Complaint* pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 8, filed July 8, 2011). This action is assigned to the undersigned magistrate judge to conduct all proceedings and order entry of judgment by consent of all the parties (Docs. 15, 18-19, filed July 29, 2011, and August 1, 2011) and 28 U.S.C. § 636(c).

### I. Parties

Plaintiff is U.S. Bank National Association ("Bank National" or "Successor Trustee"), Successor Trustee for the Certificate holders of the Registered Holders of ML-CFC Commercial Mortgage Trust 2007-7, Commercial Mortgage Pass-Through Certificates, Series 2007-7, acting by and through its Special Servicer, Midland Loan Services, a Division of PNC Bank, National Association, successor by merger to Midland Loan Services, Inc., ("Midland"), under the Pooling and Servicing Agreement ("Servicing Agreement") dated as

of June 1, 2007, among Merrill Lynch Mortgage Investors, Inc., Original Trustee, Wachovia Bank, National Association, and Midland (collectively referred to as "Plaintiff" or "Lender"). Defendant is Gatsby Drive Apartments, L.L.C. ("Defendant" or "Borrower" or "Gatsby").

##     II.   JURISDICTION AND VENUE

U.S. National Bank is a national banking association organized and existing under the laws of the United States of America with its principal place of business in the State of Minnesota. Midland is a division of a national banking association, existing under the laws of the United States of America with its principal place of business in the State of Pennsylvania. Defendant is a limited liability company organized and existing under the laws of the State of Alabama with it principal place of business in the State of Alabama. The property giving rise to the underlying dispute is located within Montgomery County, Alabama. The amount in controversy exceeds $75,000.00.

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and 28 U.S.C. § 2201 (Declaratory Judgment Act). The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

##     III. THE STANDARD OF REVIEW

Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a

plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.; see also Iqbal*, 129 S.Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 129 S.Ct. at 1950 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (internal citations and emphasis omitted).

More recently, in *Iqbal*, the Supreme Court reiterated that although FED.R.CIV.P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *I*d. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "Moreover, when ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true. *Id*. (citing *St. Joseph's Hosp., Inc. V. Hosp. Corp. Of Am.*, 795 F.2d 948, 954 (11th Cir. 1986)).

## IV. DISCUSSION

Plaintiff filed this action seeking judgment against Gatsby for breach of a contract in the amount of $9,158,545.76, representing the amount of unpaid principal plus interest as of the date filed, plus attorneys' fees and expenses, court costs, interest, and other expenses incurred. (Doc. 1, at pg 5, *see also* Exhibits A through G (copies of said contract and lending documents)). Plaintiff also requests that the Court appoint a Receiver to take possession of the property with the responsibilities and authorities necessary to manage, care for and preserve the property and the income derived therefrom. (Doc. 1. at pg 13). Plaintiff also seeks injunctive relief that will enjoin the defendants from interfering with the Receiver and/or Plaintiff in any way from the management of the Gatsby Drive Apartments, their maintenance, and the collection of revenues therefrom. *Id*.

On July 8, 2011, Gatsby filed *Defendants' Motion to Dismiss Plaintiff's Complaint* and accompanying *Brief in Support of Motion to Dismiss Plaintiff's Complaint*. (Doc. 8-9. *see also* Doc. 10, correction to motion, filed on July 11, 2011). Gatsby argues in support of

its motion that the appointment of a receiver for Gatsby is inappropriate, that the facilities are not in imminent danger of being lost, concealed, injured, diminished in value or squandered, and that the harm to Gatsby and its customers if a receiver is appointed would outweigh any harm to the Plaintiff if receivership is denied.  (Doc. 10-1).

On August 1, 2011, Plaintiff filed *Plaintiff's Memorandum in Support of Opposition to Defendant's Motion to Dismiss*.  (Doc. 16).  Plaintiff avers that the complaint sets out the necessary factual allegations for a plausible claim in both counts of the complaint and meets the *Twombly/Ashcroft* standard to withstand a motion to dismiss.  *Id*. at 8-12. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Plaintiff also avers that the lender meets the burden of appointing a receiver, citing to the seven factors to be considered by a court.  *Id*. at 12-16. (citing i.e., *Canada Life Assur. Co. LaPeter*, 563 F.3d 837 (9th Cir. 2009) (stating the factors to be considered are (1) "whether [the party] seeking the appointment has a valid claim"; (2) "whether there is fraudulent conduct or the probability of fraudulent conduct," by the defendant; (3) whether the property is in imminent danger of "being lost, concealed, injured, diminished in value, or squandered"; (4) whether legal remedies are inadequate; (5) whether the harm to plaintiff by denial of the appointment would outweigh injury to the party opposing appointment; (6) "the plaintiff's probable success in the action and the possibility of irreparable injury to plaintiff's interest in the property"; and, (7) "whether [the] plaintiff's interest sought to be protected will in fact be well-served by receivership.").  Plaintiff also argues that where the parties have contractually

agreed to a receivership that this should be given great weight and has been held by other courts to be a factor given considerable deference. *Id*. at 12- 15. (citing *e.g., American Band and Trust Co. V. Bond Int'l Ltd.*, 2006 WL 2385309 at *7 (D.D. Okla. Aug. 16, 2006)). Finally, Plaintiff argues that the lender has afforded the borrower ample time to remedy the default which is the underlying cause of action.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (ctiting *Twombly*, 550 U.S. at 570). The arguments presented by the parties, especially those of the Defendants, branch off onto the arguments surrounding the receivership requested in the original complaint without focusing on whether there is sufficient factual matter to state a claim to relief that is plausible on its face. *Id*. Plaintiff is correct in noting that count one regarding the breach of contract, requesting a judgment against Gatsby Drive for $9,158,545.76, plus fees, expenses, costs, interest and other charges, was wholly ignored by Defendant. (Doc. 16, at 9). The Court draws the reasonable inference from the complaint and the attached exhibits that a contractual relationship existed and was breached by the Defendant. As a result, the Court concludes the Plaintiff has met its burden to state a claim to relief that is plausible, surviving the motion to dismiss pursuant to FED.R.CIV.P12(b)(6), in regards to the first count.

Count two of the complaint requests the court to appoint a receivership as well as grant injunctive relief. (Doc. 1, at 13). Substantial arguments are presented for both parties. However, applying the standard of reviewing the facts in the light most favorable to the

Plaintiff, the second count states a claim wherein Plaintiff could prove a set of facts in support of his claim, surviving the motion to dismiss pursuant to FED.R.CIV.P12(b)(6). *Conley*, 355 U.S. at 45.

Furthermore, Defendant is correct in stating that "[t]he appointment of a receiver would be premature at this point in the litigation" due to the fact that this is a question to be answered in the trial on the merits. *University of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 1833, 68 L.Ed.2d 175 (1981) (stating "it is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits."). The Court finds that the facts as plead state a claim for relief that is plausible on its face, *Iqbal*, 129 S.Ct. at 1950, the Defendant's motion to dismiss is due to be denied pursuant to FED.R.CIV.P12(b)(6).

## VI.  CONCLUSION

Pursuant to the foregoing, *Defendant's Motion to Dismiss Plaintiff's Complaint* (Doc. 8) is **DENIED**.

DONE this 14th day of March, 2012.

/s/Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES MAGISTRATE JUDGE